486 P.2d 1038

Zona LARSEN, Plaintiff and Appellant,

v.

BREITLING BROTHERS CONSTRUCTION COMPANY, a corporation, Defendant and Respondent.

No. 12125.

Supreme Court of Utah.

July 7, 1971.

Hanson & Garrett, Edward M. Garrett, Salt Lake City, for plaintiff and appellant.

Worsley, Snow & Christensen, Reed L. Martineau, Salt Lake City, for defendant and respondent.

HENRIOD, Justice:

Appeal from a no cause of action verdict in an auto collision case. Affirmed with costs to defendant.

This case actually involved three cases: One instituted by the driver of the car and appellant here, one by her husband, owner of the car, and one by a guest passenger. The jury brought in verdicts for the last two, and one against the appellant.

There were two points on appeal: 1) That the court should have directed a verdict in favor of appellant, and 2) that it erred in giving certain instructions.

The unobjectionable evidence adduced and viewed more favorably in support of the verdict may be abstracted as follows:

■ Plaintiff was 63, had not driven a car for over 40 years, at the time of the accident was driving her husband's car on a learner's license, and had a passenger,— a requirement where one has a learner's license. She was aware that defendant's truck was following her before she reached an intersection where she intended to turn left. She pulled over to the right of the highway to let the truck driver pass, according to his testimony as to what she said to him. The truck driver said he could have stopped under any circumstances, but suddenly saw plaintiff's brake lights go on, at which time he applied his brakes, almost stopped, but didn't, after plaintiff had swerved directly in front of him in a jerking fashion and without giving a left-hand turn signal, as testified to by defendant and a disinterested witness who was stopped at the intersection in full view of both vehicles. It is true that much of that related above was controverted, but we cannot divest the jury of its prerogative to believe it.

On such evidence it would not seem to be unreasonable for the veniremen to conclude that the plaintiff was contributorily negligent and that her claim that defendant's driver was the sole proximate cause of the accident made imperative the granting of a directed verdict in her favor had no merit,—particularly in view of the fact that her claim was based on the assumption that it was conclusively shown that the brakes were defective,—which was not the case since there was evidence directly to the contrary.

It seems apparent what eventuated. The jury obviously found defendant guilty of negligence,—speed, brakes or something else,—since verdicts in favor of the owner of the car and the guest passenger were rendered. It seems equally apparent that on exactly the same evidence, the jury rendered a verdict based on the negligence of the driver, and we think the record reflects complete consistency in the different verdicts.

■■ As to the other point on appeal, having to do with erroneous instructions, plaintiff complains that it was error to instruct on 1) "sudden peril" and 2) on the law with respect to "left turns." As to 1), it would seem that there could be no error, since the defendant was found to be negligent in spite of the instruction. As to 2) the plaintiff does not complain of the instructions ipso jure, but that they did not apply to the facts of this case. The facts abstracted hereinabove seem to justify and almost compel the giving of such instructions since this whole case seems to revolve around a conceded intention to make a turn at the next intersection.

We must confess that this case, on the record would have required us to affirm the lower court had the jury decided otherwise.

CALLISTER, C. J., and TUCKETT, ELLETT and CROCKETT, JJ., concur.